Selective Insurance Co of SC v. Amit Sela All right, Mr. Lollick, you may proceed. Good morning, Your Honor. If it pleases the court and counsel, I represent Selective Insurance Co in this matter, which involves an appeal from a judgment entered in the District Court of Minnesota granting Apolli Sela costs under MnSTAD Section 604.18 and interest on an appraisal award. We appeal from the judgment because we believe that the court committed error in deciding and, first of all, submitting the matter for a hearing under 604.18, and then in making the decision that it did rather than thereto. We refer the court to the statute itself in the plain language of it. And MnSTAD Section 604.18 allows a cost, award of cost, if it can determine that an insurer unreasonably denied a claim and knew that it had no reasonable basis to deny that claim. And it also accepts from that statute any claim that is resolved by appraisal. This case was indeed resolved by appraisal. Yes, there was a coverage denial. And yes, there was a jury verdict relative to whether or not the denial of the claim was justified and whether or not there was misrepresentation. But after that determination, the money that was awarded to Sella was awarded pursuant to an appraisal award. The parties agreed to submit the damages caused by the hailstorm to an appraisal panel for submission. It was, therefore, resolved by appraisal. And therefore, it is accepted from the statute that that does not allow a claim, does not allow any claim that involves an appraisal that will be subjected to the statute. And this, Your Honors, is any claim. It's a claim involving hail damage. It was denied because of misrepresentation relative to the amount of repairs that were made as a result of a previous hailstorm. And certainly, it was a claim under the policy and under this statute. But it did not, it was not resolved, the district court would resolve the appraisal proceeding. And therefore, the court erred in submitting it for that hearing. We can't supplement, we can't add words to this statute. We can't say that it applies to, it does not apply to any claim resolved by appraisal, but supplement the words. Unless there was a coverage denial that was determined by the jury in district court prior to civil action. And that's what the district court did. And that's what Sella wants this court to read into the statute. And the law is real clear that we just cannot do that. We can't put in words to the statute that don't exist. And we can't say that there are exceptions to- Well, wait a minute. The real problem, as I see your argument, is that if you look at this claim could never have been actually resolved by appraisal because there was a coverage dispute. And without the resolution of the coverage dispute, the legal issue of appraisal would never have arisen, right? Because the amount of damages was entirely, utterly, totally, 100% dependent on a determination of the coverage issue, which was in fact tried to a jury. And the question then, were you going to try damages to the jury or would you submit it to an expert through the appraisal process? And the bifurcation of that case does not in any way, does it obviate the necessity to resolve the coverage question? Does it? It doesn't obviate the necessity to resolve the coverage issue, question or determine the coverage question, your honor. But that's not what resolved the case. That determination did not resolve the case. Well, you folks were asking- The only way to resolve it- Hold on, wait a minute. You folks were asking to submit the case to an appraisal process. You also asked to have other issues ultimately resolved by the trial court on a bench proceeding. And now it seems to me you're coming back and trying to change the rules. No, I'm not changing the rule at all. I'm following the rule. The rule is that for any claim that's resolved by an appraisal proceeding, this statute doesn't apply. That is what the rule is. And this case was resolved by appraisal proceeding. The fact, your honor, that there was a coverage dispute prior to that, it doesn't change the plain language of the statute. Well, counsel, on a practical level, how did this play out in the district court? I mean, there was a jury in panel, there was a jury verdict. At some point during the trial, there was an agreement among the parties to submit the damages to an appraiser. And I think my read of the record was the assumption was, at least by the district court, was as soon as that was done, then the district court would convene a bench trial and address the bad faith claims, the taxation costs. Is that the way it played out? I mean, what was the district court- It is indeed. Was the district court advised basically, look, if we, you know, if I'm the district court, I feel a little misled maybe, because it's, look, I'm waiting for you guys to wrap up the appraisal and go to the bad faith analysis on a bench trial. And then the argument's made, well, you can't do that now. Well, no, no, that argument was made by selective before the proceeding occurred, that it shouldn't occur. And we made these arguments to the district court saying, yeah, now that we've completed appraisal, this is a claim that is resolved by appraisal, your honor. And it shouldn't go to the bad faith hearing because of this language of the statute. We made that, and the record's clear, we made that argument and the record's clear regarding that. And so, no one was misled. Our position has always been, if it's a case that is all by appraisal, it's accepted from 604.18. Counsel, what would have, tell me about this agreement for the appraisal. What would have, what was that in lieu of? Maybe it's the best way to ask. I'll explain the circumstances to you. There was a problem with Sella not having disclosed his damage experts. And there was an argument that therefore there were no damages going to be allowed, and therefore the case should be dismissed. Selective decided under these circumstances, it would submit the matter to appraisal for the damages, resolving the case thereby. And that's exactly what happened. The agreement wasn't- But, okay. And- You're judging, judge, it's important. Just a second, hold on, hold on a second. So you had a dispute over disclosure of an expert. If that had been resolved unfavorably to the insurance company, the amount of the damages here, wouldn't it have gone to the jury? Well, it would have- Or am I mistaken? No, it would have gone to the jury, but under- Okay, so instead of the jury making the call and supplying a figure, the parties agreed that the appraisal would supply the figure, correct? And it would resolve the case, yes. Okay, but that doesn't, something about that bothers me, that now after the agreement is carried out, now you're going to use that- It's what the statute says, Your Honor. As a defense under the statute. Well, it is a defense under the statute. I use it as a defense under the statute because of the statutory language. I didn't make up the language. I didn't say an award of taxable costs under this section is not available in any claim that are resolved by appraisal. I didn't make that up. That is what the statute said, and it is plain language. In this case, it was clearly resolved by appraisal. The whole point of the claim is to get money, and the only way that issue was resolved was by the appraisal panel. Move on to the second phase of our argument, which is that the court erred in becoming a fact finder and basically substituting itself for a jury, and even if it didn't err in that regard, there's absolutely no basis for any finding that there was no reasonable basis for denial, and certainly there's no basis for any finding that that selective knew that there was no reasonable basis for denial. The court interjected itself as a fact finder contrary to the Seventh Amendment, contrary to the state. Well, hold on. Is the Seventh Amendment, has it been made applicable to the states? Oh, absolutely. Everybody is entitled to a jury trial. They've been trying bad faith claims to judges in Minnesota for years. Oh, I know, and that doesn't change. I tried cases back in the 1980s. As a lawyer. Now, my question is, what's the case that made the Seventh Amendment applicable to the states? Oh, I believe we cited that case for your honor. We've had both an Eighth Circuit case and an old Supreme Court case that absolutely guarantees the right to a jury trial for any factual dispute in any civil case, and we are in federal court. Well, that's true under a federal claim because the United States Constitution applies, but claims that are based in state law, does that, has that been made applicable to the states? Well, it certainly would extend to anyone who's a citizen of the United States and- Oh, here's the thing, is ordinarily on those Seventh Amendment claims, you know, you'll have like, the North Dakota Constitution has a provision that guarantees the right to a jury trial. I haven't seen that in the Minnesota Constitution. So I'm just wondering, is there an incorporation case? I mean, and there may be one, because I just thought of it last night when I was looking at it, so I'm wondering where is this incorporation case that makes the Seventh Amendment is incorporated as against the states? I mean, I may be just stupid because I am on a lot of issues. Oh, I doubt that. But I just don't know what the case is. I don't have a specific site for your honor, but I believe that the Seventh Amendment guarantees us all a right, no matter where we are in this country, to a jury trial on a fact of disputes. And that's what this was. In any event, even if the Seventh Amendment wouldn't apply, the statute that allows for these claims, 60418, says that this will be a determination made by the court. And it also says, your honor, that the determination made by the court will be done pursuant to motion under rule 119 of the general rules of practice of the Minnesota District Courts. And if it's a motion, how can it be a factual issue? In a motion, the non-moving party gets the benefit of the doubt. It gets the evidence viewed in the light most favorable to it. And that would be selective in this case. The court can't make these kind of factual determinations either under the statute or under the Constitution. And it did, and it was inerrant to do so. And it conflated the two tests, the objective test and the subjective test. It disregarded testimony that as a matter of law shows a reasonable basis for the denial. Carl Walton testified and gave his grounds, which I will not repeat here, but I'll say it in the brief, both in his testimony and his affidavit for his denial of this claim. The district court decided that Carl Walton really didn't deny the claim, but it was denied by people who had no authority to deny the claim, who testified under oath that they did not deny the claim. And the district court decided to disregard that as a fact finder and make the determinations that he did. We submit to you that that is error. And we submit to this court that even if it's a mixed question of law and fact, it's de novo. And even if it's a question of fact, there still has to be a reasonable basis for it. And there has to be some evidence or testimony that would justify the finding. And we've presented- Did you ever make a jury demand on this issue in front of the judge at the time that the bench trial proceeded? No, I would not have any authority to do that. The statute's real clear. Well, the Minnesota statute allows you to demand a jury trial. But this Minnesota statute says that the issue will be determined by the court. And if an issue is determined by the court, it's determined as a matter of law, not as a fact finder. Well, no, they can hold evidentiary hearings. Trial courts hold evidentiary hearings and make findings of fact based on the record that's developed all the time. Well, they do when the jury is waived, but this is a factual determination regarding a substantive right of a party. And there's no waiver of jury in this case. And the statute requires that the court make the determination. And if the court makes the determination, it has to be as a matter of law. How many cases can we cite, Your Honor, that says courts are not fact finders? On the interest issue, the court allowed interest on an appraisal award, and there's no triggering event for interest on an appraisal award. And that has to be reversed too. I'll save the rest of my time for a brief rebuttal if that's all right. All right, thank you very much. Mr. Yetka. Thank you, Your Honor. May it please the court, counsel. Counsel, I hate to take you off the rails right away, but I'm going to do it anyway. Would you address the last issue that was just discussed, and that is the authority of the district court here to make factual findings. Can you provide any clarity to me on that? I got confused by the discussion. I'm confused by Mr. Woolick's discussion, and I think the answer to that is very simple, Your Honor. The Minnesota Supreme Court has addressed that issue directly in the Peterson case that came down. I have a cite here. It's cited in the brief, but it's 946 Northwest 2nd, 903. In that case, the court is very clear. There were a number of factual issues that the court looked at in the bad faith hearing, and the court addressed different witnesses, weighed evidence, and made determinations on both the objective standard, that is, whether a reasonable insurer would deny the claim, and then B, the subjective standard, which is beyond what Mr. Woolick says. It's not only was there no reasonable basis or did the insurer recklessly disregard facts to come to its conclusion, and that's exactly what happened here. I want to make clear, Your Honor, and the court, that what are we not appealing for? What's not in this appeal? Mr. Woolick has not raised the issue of whether the week-long jury trial was proper, whether the week-long jury determination that there was coverage here is proper. He's not disputing a motion for a new trial or a motion for judgment notwithstanding the verdict because those motions weren't brought. He's not disputing, frankly, even, I believe, the facts, as the court has found, and what he's disputing here is whether the court even has the authority to weigh facts. And again, as the Minnesota Supreme Court has held, the court does have that standard. Now, I do want to talk about a couple of things and some questions that the court raised for Mr. Woolick, and that is, what was the agreement at trial and what was the context of the agreement at trial? And Judge Colbus, you, and Judge Shepard, you raised this question, and the fact of the matter is is we were at the last day of trial, and there was an issue raised as to whether the individuals were going to testify on damages were experts or not. It was our position that they weren't. Simply, they were going to come in and testify how much it was going to cost, how much they were going to charge Mr. Stella to repair his home. Mr. Woolick said that obviously required expert testimony. We said it doesn't. They're just going to tell what the cost is. Rather than go down that fight, and rather than having that fight with the jury waiting, the parties agreed that rather than have that fight, and this benefited Selective because this jury was out for all of about two hours when they came back, and I'm sure this jury was not happy with Selective in denying this claim and accusing Mr. Stella of fraud. But having said that, we agreed to submit the damages issue to a panel of appraisers. And I raised, and it's in the record, and you can look at it. Judge Schultz cites to it in his opinion. We specifically said, and Judge Schultz said, and this is in the brief, okay, we'll submit this to a jury. If the determination is that Mr. Stella committed fraud, then we're done. Case is over. There's no coverage. But if it goes to the jury, and the jury finds out that there was no fraud, there's coverage as a matter of law, and then we're going to have the appraisal. They'll determine the value. If there's value to repair, then we're going to have a separate bad faith trial. Mr. Lulick said nothing at that time. He didn't raise the issue of this statute until after the fact, just prior to the evidentiary hearing. Mr. Lulick is trying to pull a gotcha, or he went back and read the statute and came up with an argument after the fact. The fact of the matter is the parties, the court, everybody agreed and understood that the limited role here of the appraisers was simply as a fact finder to fix damages, just as a jury would do that. And that's what happened here. And looking at the statute and the plain language of the statute, as Mr. Lulick continues to want to appoint to, I'll point to the plain language of the statute. The statute says that the award of a taxable cost under the statute shall be determined by the court in a proceeding subsequent to any determination by the fact finder, not the jury, not the court by a fact finder of the amount that the insured is entitled to. Here the appraisal panel served as the role of the fact finder for the procedures set forth in Minnesota general rule of practice 109. Mr. Lulick says that there's a requirement that this be brought by motion. Judge Erickson, you're right. We've been trying bad faith damages, trials or evidentiary hearings in Minnesota since the 1980s. This is how it's done. It's how it's always been done. And that's how it was done here. And in all of those cases, the court acts as a fact finder and determines facts as to whether there has been a, an objective violation of the statute and B, whether subjectively the insurance carrier didn't have a basis to deny or recklessly disregarded the facts. Then the statute goes on to say an award of taxable costs under the section is not available in any claim that is resolved or confirmed by arbitration or appraisal. This claim was resolved and determined by the jury when it found there was coverage. Once the jury found coverage, there were either, there were either damages or there weren't. The claim had been determined at that point. Damages follow from the claim. And in this case, the determination was by the jury. The appraisal panel simply fixed damages as is contemplated by the plain language of the statute. Now, one thing we haven't spent any real time on here and I'm happy to answer any questions. Is this last question or this last issue raised by Mr. Lulick at the very last of his argument on, on the issue of interest and whether there's a claim or, or a written notice of claim in this case, Minnesota district courts are split on this. However, the vast majority of the cases and Minnesota state court cases stand for the Minnesota folder, putting their insurance carrier on notice of damage to their home and a property case is a written notice of claim triggering the issue, the triggering interest. It's clear in a number of Minnesota cases. And I believe that judge Schultz reviewed those cases specifically addressed them here and came to the determination that when Mr. Sellers insurance agent contacted selective insurance in July of 2015, 16, and told them that there was hail damage just days after the hail storm. And that it was clear that they were seeking damages. And if there's any question about it, that question was eliminated when selective sent out not one, but two sets of adjusters to examine the house and fix damages. So for each of those reasons, your honor, unless you have any other further questions, I'll rest in the rest of my argument, but I think that judge Schultz's opinion is clear. It is well-reasoned and it is soundly based on Minnesota precedent, including the Minnesota Supreme court case in Peterson. Thank you very much counsel. And is that the rebuttal time that's still remaining? Yes, your honor. Okay. I see that 20 give you a couple of minutes to wrap up Mr. Lillick. And thank you, your honor. First of all, on the, on the issue of whether or not this matter should have been submitted. I agree that the appraisal panel is indeed a fact finder. And indeed the statute refers to there being a fact finder. And, and when that fact finder is an appraisal panel and, and it, and it resolves the claim by awarding the amount of damages or the amount of the claim that Piercella is entitled to, that's a resolution of the claim by. And, and there are no exceptions to that contained in the statute as it relates to there being any reasonable basis for denial. I, I really need to point out to the court that the district court totally disregarded the person who made the decision regarding this claim, totally disregarded his testimony. And he did it based on a finding effect. It has no basis to support the evidence. And that, and that's consistent with, with this. He has in the district court has interjected himself as a, as a finder of fact, and has determined that somebody else besides the person we presented and testified under oath, they denied the claim did, but regardless of that, we submit to you that as a matter of law, there was a reasonable basis for denial. And we refer you to Carl Walms testimony in that regard, even if he didn't deny the claim, those facts were before selective when they, when they denied the claim. So I've told the first adjuster to, to hit his front yard. They replaced everything on the exterior of his home. It was all recently redone. He told the second adjuster that all the copper was replaced. He submitted documentation that had no basis in fact, or, or, or any cut, any, prove any type of circumstances that it would involve repair for his prior. And, and he, and he did this for the very simple reason that he knew. That the more repairs he could try to prove to select them. The less amount of his depreciation. He did it to increase the amount of his client. Thank you. All right. Thank you very much. Counsel. Appreciate your arguments this morning and the cases presented. And a decision will be rendered in due course. And with that, does that complete our calendar for this morning? Yes, it does. Your honor. Very well.